The Honorable _____

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
SEATTLE DIVISION

| | |
|---|---|
| PUNCHBOWL, INC., a Delaware corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>MOMENTO, INC., a Delaware corporation,<br><br>    Defendant. | Case No.: _____<br><br>**COMPLAINT FOR:**<br><br>**(1) Federal Trademark Infringement, Unfair Competition, and False Designation of Origin Under 15 U.S.C. § 1125(a);**<br><br>**(2) Common Law Trademark Infringement, Unfair Competition, and Passing Off; and**<br><br>**(3) Violations of Washington Consumer Protection Act, RCW Ch, 19.86.**<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT**
Case No. _____

Plaintiff Punchbowl, Inc. complains and alleges against Defendant Momento, Inc. as follows.

**THE PARTIES**

1. Plaintiff Punchbowl, Inc. ("Plaintiff") is a corporation organized under the laws of the State of Delaware, with its principal place of business at 50 Speen Street, Suite 202, Framingham, Massachusetts 01701.

2. On information and belief, Defendant Momento, Inc. ("Defendant"), the operator of the website located at www.gomomento.com, is a corporation organized under the laws of the State of Delaware, with its principal office at 113 Cherry Street, Suite 18364, Seattle, Washington 98104.

**JURISDICTION AND VENUE**

3. This action arises under the federal trademark statute (the "Lanham Act"), 15 U.S.C. § 1051 *et seq.*, and under the laws of the State of Washington.

4. This court has original jurisdiction over the federal trademark and unfair competition claims pursuant to 15 U.S.C. §§ 1114, 1121, 1125, and 28 U.S.C. §§ 1331, 1338, and 1367.

5. Supplemental jurisdiction is proper for the state law claims under 28 U.S.C. § 1367(a) because the claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

6. The amount in controversy between the parties exceeds $75,000.

7. On information and belief, this Court has personal jurisdiction over Defendant pursuant to RCW 4.12.025 (1) because the Defendant resides in this District.

8. On information and belief, venue is proper in this District pursuant to RCW 4.12.025 (3)(d) because the Defendant resides in this District.

COMPLAINT
Case No. _____

2

COOLEY LLP
1700 SEVENTH AVENUE, SUITE 1900
SEATTLE, WA 98101-1355
+1 206 452 8700

## FACTUAL BACKGROUND

### PLAINTIFF AND THE MEMENTO MARK

9. Plaintiff is a premier technology company that develops online communications solutions for consumers, with a particular focus on celebrations, holidays, events and memory-making, sold as subscription-based services. With millions of users, Punchbowl also offers leading consumer brands the ability to reach their audiences through its platform on web and mobile devices. Plaintiff's communications services, comprised in part of online video-sharing services, event and celebration invitations and greetings cards, are enormously successful, have garnered widespread acclaim and recognition, and are used by individuals and corporations across the United States and around the world.

10. Plaintiff has millions of customers using its platforms located at PUNCHBOWL.COM, MEMENTO.COM, and associated mobile applications, and hundreds of thousands of consumers who have purchased the associated subscription services.

11. Since at least as early as June of 2021, Plaintiff has used the mark ▶ memento (the "MEMENTO Mark") to market and sell a video platform that enables consumers to record, make, and preserve memories from significant life events and milestones throughout the United States and the world.

12. The MEMENTO Mark has been extensively advertised and promoted in various media in the United States, including online through the MEMENTO website (https://www.memento.com), paid media channels such as Google, and on social media sites such as Facebook, Twitter, and Instagram.

13. Plaintiff has devoted substantial time, effort, and resources to the development and extensive promotion of the MEMENTO Mark and the goods and services offered thereunder.

14. Plaintiff owns U.S. Trademark Application Serial Nos. 90/884,527 and 90/884,522 for the MEMENTO Mark for the following goods and services:

> "[d]ownloadable software in the nature of a mobile application for use in producing multimedia recordings featuring text, audio, video, images and animations, allowing users to solicit, collect and combine individual multimedia recordings to create video messages

COMPLAINT
Case No. _____

3

COOLEY LLP
1700 SEVENTH AVENUE, SUITE 1900
SEATTLE, WA 98101-1355
+1 206 452 8700

for friends and family, and enabling users to create and share user-generated video greeting cards" in **Class 9;** and

"software as a Service (SaaS) services, featuring software for use in producing multimedia recordings featuring text, audio, video, images and animations; Software as a Service (SaaS) services, featuring software for use in producing videos; computer services, namely, providing an online, non-downloadable application that allows users to solicit, collect and combine individual multimedia recordings to create video messages for friends and family; providing a website featuring technology that enables users to create and share user-generated video greeting cards" in **Class 42.**

### DEFENDANT'S INFRINGEMENT OF THE MEMENTO MARK

15. On information and belief, Defendant is a corporation that provides "serverless caching" services under the mark MOMENTO (the "MOMENTO Mark").

16. Defendant frequently uses the MOMENTO Mark standing alone. On information and belief, the original website used by Defendant to offer these services was located at https://www.momentohq.com. That URL now redirects to a website at https://www.gomomento.com. A true and accurate screenshot from Defendant's website as of February 12, 2023 is copied below.



17. Defendant's MOMENTO Mark is virtually identical to Plaintiff's MEMENTO Mark, differing by only one letter in the beginning of the word. Further, Defendant uses the

COMPLAINT
Case No. _____

4

COOLEY LLP
1700 SEVENTH AVENUE, SUITE 1900
SEATTLE, WA 98101-1355
+1 206 452 8700

MOMENTO Mark with highly similar font, stylization, and design elements to those as found in Plaintiff's MEMENTO Mark, as shown in the following side-by-side comparison:

| Plaintiff's Mark: | Defendant's Mark: |
|---|---|
|  |  |

18.  Defendant's online technology services are offered under the MOMENTO Mark through the same marketing and trade channels and to the same class of consumers to which Plaintiff offers its online technology services under the MEMENTO Mark. Consumers of both Plaintiff's and Defendant's services are everyday consumers interested in using accessible technology on the Internet to enhance the technology they already use. Furthermore, both parties' respective services are offered and provided via the same channels of trade, namely, the Internet, including on popular social media platforms.

19.  In November 2022, Plaintiff became aware that Defendant was operating the gomomento.com website and using the confusingly similar MOMENTO Mark.

20.  In a letter dated November 11, 2022, Punchbowl informed Defendant of its valuable rights in the MEMENTO Mark and demanded that Defendant cease its use of the MOMENTO Mark and agree to other related conditions regarding its infringing use of the mark. In its response, Defendant refused to comply with Plaintiff's demands.

21.  As of the date of this Complaint, Defendant continues to use the MOMENTO Mark for its online technology services. Defendant's failure to comply with Plaintiff's demands demonstrates a deliberate intent to continue to willfully infringe Plaintiff's rights in its MEMENTO Mark.

22.  Defendant's unauthorized use of the MOMENTO mark is misleading and is likely to confuse consumers into mistakenly believing that Defendant's services are authorized by, sponsored by, or otherwise affiliated with or approved by Plaintiff.

23.  Defendant's infringing use of the MOMENTO Mark is knowing and willful and is likely to cause confusion, mistake, or deception in the marketplace as to the source or origin of

COMPLAINT
Case No. _____

5

COOLEY LLP
1700 SEVENTH AVENUE, SUITE 1900
SEATTLE, WA 98101-1355
+1 206 452 8700


Defendant's services and whether those services are endorsed by or otherwise affiliated with Plaintiff.

### FIRST CAUSE OF ACTION
**FEDERAL TRADEMARK INFRINGEMENT, UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN UNDER 15 U.S.C. § 1125(a)**

24. Plaintiff realleges and incorporates herein by this reference paragraphs 1 through 23 of this Complaint as if fully set forth here.

25. Plaintiff owns the distinctive, valid, and protectable MEMENTO Mark.

26. Defendant's use of the highly similar MOMENTO Mark in commerce to advertise, offer and render Defendant's similar online technology services is without Plaintiff's permission or authority and is in total disregard of Plaintiff's rights to control its trademarks.

27. Defendant's actions as described herein have caused and are likely to cause confusion, mistake, and deception among ordinary consumers as to the affiliation, connection, or association of Defendant with Plaintiff, as to the true source of Defendant's services, and as to the sponsorship or approval of Defendant or Defendant's services by Plaintiff.

28. Defendant's acts have damaged and will continue to damage Plaintiff, and Plaintiff has no adequate remedy at law.

29. Defendant's actions constitute trademark infringement, unfair competition and false designation of origin in violation of 15 U.S.C. § 1125(a).

30. In light of the foregoing, Plaintiff is entitled to injunctive relief prohibiting Defendant from using the MOMENTO Mark or any marks confusingly similar thereto, and to recover all damages, including attorneys' fees, that Plaintiff has sustained and will sustain, and all gains, profits, and advantages obtained by Defendant as a result of its alleged infringing acts in an amount not yet known, and costs pursuant to 15 U.S.C. §1117, and prejudgment interest.

### SECOND CAUSE OF ACTION
**COMMON LAW TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, AND PASSING OFF**

31. Plaintiff realleges and incorporates herein by this reference paragraphs 1 through 30 of this Complaint as if fully set forth here.

COMPLAINT  
Case No. _____  
6  
COOLEY LLP  
1700 SEVENTH AVENUE, SUITE 1900  
SEATTLE, WA 98101-1355  
+1 206 452 8700

32. Plaintiff owns common law trademark rights in its MEMENTO Mark in the State of Washington and throughout the United States, and all such rights owned by Plaintiff are superior to any rights that the Defendant may claim to have in its MOMENTO Mark.

33. Defendant's unauthorized use of the highly similar MOMENTO Mark in connection with related online technology services is likely to cause confusion as to the source or sponsorship of these services, and is likely to lead the public to believe that Plaintiff is affiliated with or sponsors or endorses Defendant and/or Defendant's services, and is likely to mislead persons in the ordinary course of purchasing Defendant's services, thereby injuring the reputation and goodwill and unjustly diverting from Plaintiff to Defendant the benefits arising therefrom.

34. Defendant's unlawful activities constitute trademark infringement, unfair competition, and passing off as proscribed by common law.

35. Defendant's acts of trademark infringement, unfair competition, and passing off were committed, or will imminently be committed, willfully, knowingly, intentionally, and in bad faith.

36. Defendant's acts or intended acts of trademark infringement, unfair competition, and passing off, unless enjoined by this Court, will threaten to cause Plaintiff irreparable damage, loss, and injury for which Plaintiff has no adequate remedy at law.

### THIRD CAUSE OF ACTION
**VIOLATIONS OF THE WASHINGTON CONSUMER PROTECTION ACT, RCW CH. 19.86.020**

37. Plaintiff realleges and incorporates herein by this reference paragraphs 1 through 36 of this Complaint as if fully set forth here.

38. Defendant committed an unfair or deceptive act or practice under RCW 19.86.020 by using the highly similar MOMENTO Mark in commerce in the state of Washington to offer and sell its services, without authorization from Plaintiff.

39. Upon information and belief, such acts negatively affected the public interest by causing consumer confusion and misleading the public into mistakenly believing that Defendant's services are sponsored by, endorsed by, or otherwise affiliated with Plaintiff.

**COMPLAINT**
**Case No.** _____

7

COOLEY LLP
1700 SEVENTH AVENUE, SUITE 1900
SEATTLE, WA 98101-1355
+1 206 452 8700

40. Plaintiff has no adequate remedy at law.

41. Defendant's acts and conduct will cause actual, immediate, and irreparable injury to Plaintiff, to its goodwill and reputation, and to the public, and will continue to threaten such injury unless enjoined by this Court. But for Defendant's acts and conduct, Plaintiff would not suffer such injury.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests the following relief:

A. That Plaintiff be granted preliminary and permanent injunctive relief under 15 U.S.C. § 1051, *et seq*., and the inherent powers of this Court; specifically, that Defendant and all officers, agents, servants, representatives, employees, attorneys, parent and subsidiary corporations, assigns, and successors in interest, and all other persons acting in concert with Defendant, be permanently enjoined from: (i) using the MOMENTO Mark, or any other mark confusingly similar to Plaintiff's MEMENTO Mark, in connection with the marketing, promotion, advertising, sale, or distribution of any products and services; and (ii) from any other acts of infringement of Plaintiff's MEMENTO Mark.

B. That Defendant be required to file, within 10 days from entry of an injunction, a declaration with this Court signed under penalty of perjury certifying the manner in which Defendant has complied with the terms of the injunction;

C. That Defendant be adjudged to have violated 15 U.S.C. § 1125(a) for unfairly competing against Plaintiff by using a false designation of origin for Defendant's infringing services;

D. That Plaintiff be awarded Defendant's profits derived by reason of said acts, or as determined by said accounting;

E. That Plaintiff be granted prejudgment and post judgment interest;

F. That Plaintiff be granted costs associated with the prosecution of this action; and

G. That the Court grant Plaintiff such other and further relief as the Court may deem just and proper.

**COMPLAINT**
Case No. _____

8

Cooley LLP
1700 Seventh Avenue, Suite 1900
Seattle, WA 98101-1355
+1 206 452 8700

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury of all issues triable of right by a jury.

Dated: April 4, 2023                     Respectfully submitted,

By:  /s/ Christopher B. Durbin
Christopher B. Durbin (WSBA #41159)
COOLEY LLP
1700 Seventh Avenue, Suite 1900
Seattle, WA 98101-1355
Tel.: (206) 452-8700
Fax: (206) 452-8800
Email: cdurbin@cooley.com

Peter J. Willsey (*pro hac vice* to be filed)
Vincent J. Badolato (*pro hac vice* to be filed)
Katherine C. Dearing (*pro hac vice* to be filed)
BROWN RUDNICK LLP
601 Thirteenth Street NW, Suite 600
Washington, D.C. 20005
Tel.: (202) 536-1700
Email: pwillsey@brownrudnick.com
Email: vbadolato@brownrudnick.com
Email: kdearing@brownrudnick.com

Attorneys for Plaintiff PUNCHBOWL, INC.

284179127

COMPLAINT
Case No. _____

9

COOLEY LLP
1700 SEVENTH AVENUE, SUITE 1900
SEATTLE, WA 98101-1355
+1 206 452 8700